Randall T. Garteiser (CA State Bar No. 231821)
    rgarteiser@ghiplaw.com
Christopher A. Honea (CA State Bar No. 232473)
    chonea@ghiplaw.com
GARTEISER HONEA— IP TRIAL BOUTIQUE
795 Folsom St., Floor 1, San Francisco, CA  94107
119 W Ferguson, Tyler, TX  75702
Telephone: (888) 908-4400

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WYOMING INTELLECTUAL PROPERTY HOLDINGS, LLC**<br>Plaintiff,<br><br>v.<br><br>**ZEPP HEALTH CORPORATION and ZEPP NORTH AMERICA, INC.**<br>Defendants. | **Case No. 2:24-cv-1024**<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Wyoming Intellectual Property Holdings, LLC ("Plaintiff" and/or "WIPH") files this complaint against Zepp Health Corporation and Zepp North America, Inc. (collectively "Defendants" or "Zepp") for infringement of U.S. Patent No. 10,565,888 ("the '888 Patent") and alleges as follows:

## PARTIES

1.     Plaintiff is a Wyoming limited liability company having an address at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2.     Upon information and belief, Zepp Health Corporation is a company

organized and exiting under the laws of China with its principal place of business at Huami Global Innovation Center, Building B2, Zhongan Chuanggu Science and Technology Park, No. 900 Wangjiang West Road, Hefei, 230088, People's Republic of China.

3. Upon information and belief, Zepp North America, Inc. is a company organized and exiting under the laws of the State of Delaware and has a principal place of business at 1551 McCarthy Blvd., Ste 107, Milpitas, California 95035.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

6. This Court has personal jurisdiction over Defendants. Defendants have continuous and systematic business contacts with the State. Defendants transact business within this District. Further, this Court has personal jurisdiction over Defendants based on its commission of one or more acts of infringement of Patents in this District and elsewhere in the State.

7. More specifically, Defendants, directly and/or through intermediaries, ship, distribute, use, offer for sale, sell, and/or advertise products and services in the United States, the State of California, and the Central District of California including but not limited to the Products as detailed below. Upon information and belief, Defendants have committed patent infringement in the State of California and in the

Central District of California. Defendants solicit and have solicited customers in the State of California and in the Central District of California. Defendants have paying customers, who are residents of the State of California and the Central District of California, who each use and have used the Defendants' products and services in the State of California and in the Central District of California.

8.    On information and belief, Defendants maintain physical brick-and-mortar business locations in the State and within this District, retains employees specifically in this District for the purpose of servicing customers in this District, and generates substantial revenues from its business activities in this District.

9.    Venue is proper in this judicial district as to Zepp Health Corporation pursuant to 28 U.S.C. §§ 1391(c)(3) because Zepp Health Corporation is not a resident of the United States and therefore may be sued in any judicial district.

10.    Venue is also proper in this district as to Defendants pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b).  As noted above, Defendants maintain a regular and established business presence in this District. *See* Figures 1 and 2 below.

ORIGINAL COMPLAINT



Figure 1

(source: https://apps.zoominfo.com/zi-lite/#/profile/company/1308718241/overview)



Figure 2

(source: Google Maps)

**PATENT-IN-SUIT**

11.   On July 5, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '888 Patent, entitled "Instruction Production." The '888 Patent is attached as Exhibit A.

12.   Plaintiff is the sole and exclusive owner, by assignment, of the '888 Patent.

13.   Plaintiff possesses all rights of recovery under the '888 Patent, including the exclusive right to recover for past, present and future infringement.

14.   The '888 Patent contains twenty claims including three independent claims (claims 1, 5 and 17) and seventeen dependent claims.

15.   The priority date of the '888 Patent is at least as early as February 17, 2013. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

16.   Plaintiff alleges infringement on the part of Defendants of the '888 Patent.

17.   The '888 Patent teaches systems and methods for identifying a difference between an actual action of a user and a standard action for the user, and for producing an instruction to instruct the user to change from the action of the user to the standard action for the user. The systems and methods of the '888 Patent can be used to monitor how a golfer swings his or her golf club, automatically compare the golfer's swing against a preferred golf swing (such as the swing of a professional golfer), and produce an instruction to the golfer. *See* '888 Patent, Abstract and 2:43-54. In some

embodiments, the systems and methods take into account the physical health and/or the physical attributes of the user. *See* '888 Patent, 16:11-45

18.    The '888 Patent was examined by Primary United States Patent Examiner Jerry-Daryl Fletcher.   During the examination of the '888 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: G09B 5102 (2013.01).

19.    After conducting a search for prior art during the examination of the '888 Patent, the United States Patent Examiner identified and cited 261 U.S. patents, 82 published U.S. patent applications, and the following articles: (1) Tony Olivero, Say Goodbye to Boxing Judges, Jun. 25, 2012, http://online.wsj.com/article/SB1000_1 4240527023047824045774888863709341_728.html; and (2) Associated Press, Tiger Woods swing app available, Mar. 23, 2011, http://sports.espn.go.com/golf/news/story?id=6249863, Orlando, Florida; Tony Olivero, Say Goodbye to Boxing Judges, Jun. 25, 2012, http://online.wsj .com/article/SB1000 1 4240527023047824045774888863709341 728.html.

20.    After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '888 Patent to issue.   In so doing, it is presumed that Examiner Utama used his knowledge of the art when examining the claims.   *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Utama

had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).  In view of the foregoing, the claims of the '888 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art.  Likewise, the claims of the '888 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Utama.

21.    The claims of the '888 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

22.    The nominal expiration date for the claims of the '888 Patent is no earlier than July 8, 2034.

## ACCUSED INSTRUMENTALITIES

23.     On information and belief, Defendant sells, advertises, offers for sale, uses, or otherwise provides exemplary products, including at least a Zepp app, that comprises a feature of Zepp Coach, an AI-powered software, that acts as a digital fitness coach and works along with Amazfit smartwatches and wearable devices to create personalized training programs. The foregoing are referred to as the "Accused Instrumentalities."

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 10,565,888)

24.     Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 23, the same as if set forth herein.

25.     This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

26.     Defendant have knowledge of its infringement of the '888 Patent, at least as of the service of the present complaint.

27.     The '888 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

28.     Upon information and belief, Defendants have infringed and continues to infringe one or more claims, including at least Claim 5, 9, 10, 11 and 17 of the '888 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) the Accused

Instrumentalities which infringe at least Claims 5, 9, 10, 11 and 17 of the '888 Patent. Defendants have infringed and continue to infringe the '888 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

29.    Defendants also have and continue to directly infringe, literally or under the doctrine of equivalents, at least Claims 5, 9, 10, 11 and 17 of the '888 Patent, by having its employees internally test and use these exemplary Accused Instrumentalities.

30.    The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

31.    Despite such actual knowledge, Defendants continue to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '888 Patent. On information and belief, Defendants have also continued to sell the exemplary Accused Instrumentalities and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '888 Patent. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

32.    At least since being served by this Complaint and corresponding claim chart, Defendants have actively, knowingly, and intentionally continued to induce infringement of the '888 Patent, literally or by the doctrine of equivalents, by selling

exemplary Accused Instrumentalities to their customers for use in end-user products in a manner that infringes one or more claims of the '888 Patent.

33.     Exhibit B includes at least one chart comparing the exemplary '888 Patent Claims to the exemplary Accused Instrumentalities. As set forth in this chart, the exemplary Accused Instrumentalities practice the technology claimed by the '888 Patent. Accordingly, the exemplary Accused Instrumentalities incorporated in this chart satisfy all elements of at least Claims 5, 9, 10, 11 and 17 of the '888 Patent.

34.     Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

35.     Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement.

36.     Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

37.     Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

38.     Plaintiff is in compliance with 35 U.S.C. § 287.

# DEMAND FOR JURY TRIAL

39.   Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)   Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)   Enter an Order enjoining Defendants, their agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 10,565,888 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c)   Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

(d)   Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)   Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.


Dated: February 6, 2024                    Respectfully served,
                                           GARTEISER HONEA, PLLC

                                           */s/ Randall Garteiser*
                                           Randall Garteiser
                                           CA State Bar No. 231821

rgarteiser@ghiplaw.com
Christopher A. Honea
CA State Bar No. 232473
chonea@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420

**Attorneys for Plaintiff**

ORIGINAL COMPLAINT